CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

DEC 15 2008

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MERRICKS, ET AL., | CIVIL NO. 3:08cv00047 |
| *Plaintiffs,* | |
| v. | MEMORANDUM OPINION |
| MONACO COACH CORP., | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) (docket no. 11). The case was removed from state court by the Defendant on September 22, 2008. Jurisdiction is based on both federal question and diversity of citizenship. In the state court proceedings, the Defendant had filed a Plea at Bar, which was subsequently converted by an order of this Court to a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). The motion has been fully briefed by the parties, and a hearing was held on November 24, 2008. The motion is therefore ripe for decision.

## I. BACKGROUND

The Plaintiffs are a married couple who reside in Louisa, Virginia. They purchased a recreational vehicle ("RV") from the Defendant on March 8, 2005. Within a few months of that purchase, the Plaintiffs discovered numerous defects in the RV and took it in for service. Throughout the next three years, the Plaintiffs continued to experience frequent problems with the RV, requiring several major repair attempts. The Complaint lists at least nine instances that

the RV required service for many different defects, which was performed in various locations throughout the country as the Plaintiffs traveled in the RV. The Complaint groups these repairs into six major repair attempts, as follows: 1) June 7, 2005 – August 26, 2005; (2) May 2, 2006 – May 15, 2006; (3) April 27, 2007 – May 10, 2007; (4) May 25, 2007 – July 24, 2007; (5) August 1, 2007 – August 23, 2007; (6) March 11, 2008 – May 1, 2008.

The Plaintiffs allege that, despite the numerous attempts to repair it listed above, the RV in its current state is still defective and not fully functional. The Plaintiffs therefore bring claims for breach of express and implied warranties under the federal Magnuson-Moss Warranty Act. The Complaint claims damages in the amount of the RV's purchase price of $450,000, as well as $48,000 in consequential and incidental damages (which includes costs of repair, substitute transportation and lodging, and loss of use of the RV). The Defendant moves to dismiss the complaint on the grounds that Plaintiffs' claims are barred by the statute of limitations.

## II. STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a Rule 12(b)(6) motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See, id.* at 244; *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). The plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

A statute of limitations defense may be raised by a motion to dismiss if the time bar is apparent from the face of the complaint. *Dean v. Pilgrims Pride Corp.*, 395 F.3d 471, 474 (4th

Cir.2005). A 12(b)(6) motion which raises an affirmative defense and requires a consideration of matters outside of the pleading must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *Gadsby by Gadsby v. Grasmick*, 109 F.3d 940, 949 (4th Cir.1997); *Mims v. Kemp*, 516 F.2d 21 (4th Cir.1975).

The parties each submitted additional evidence with their memoranda in support of or opposing the Defendant's motion. Therefore, the Court notified the parties by Order dated November 19, 2008, that it would treat the instant motion as one for summary judgment, and ordered the parties to submit any additional evidence on the issue of the statute of limitations by or at the hearing. At the hearing, Plaintiff David Merricks gave testimony.

A court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* However, if the evidence of a material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 250. In considering a motion for summary judgment under Rule 56, the court must view the record as a whole and draw reasonable inferences in the light most favorable to the nonmoving

party. *See, e.g., id.* at 248–50 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir.1999).

## III. DISCUSSION

Defendants move to dismiss all of Plaintiffs' claims on the basis that they are barred by the statute of limitations contained in the written limited warranty for the Plaintiffs' RV. The written warranties for the RV provide that "any action to enforce these express or any implied warranties shall not be commenced more than ninety (90) days after the expiration" of the warranty period. There are three different warranty periods:

(1) the steel or aluminum frame structure of the sidewalls, the roof, and the rear and front walls of the RV are covered for 60 months from the purchase date, or for the first 50,000 miles, whichever occurs first;

(2) the Roadmaster Chassis is covered for 36 months from the purchase date, or for the first 36,000 miles, whichever occurs first;

(3) the rest of the RV (effectively, the living facilities) is covered for 12 months from the purchase date, or for the first 24,000 miles, whichever occurs first.

The warranties also limit any implied warranties to the scope and duration of the various express warranties. The parties agree that most of the defects alleged by the Plaintiffs in this case relate to the living facilities portion of the RV, which is covered by the 12-month express warranty.

The Plaintiffs purchased the RV on March 8, 2005. Plaintiff David Merrick testified that when they purchased the RV, they were not provided the written warranties to read prior to purchase. Instead, the dealer briefly explained that the RV was covered by warranties of different periods, and explained what each period was. David Merricks testified that the first time the Plaintiffs saw the written warranties was when they discovered the Owner's Manual for

the RV inside the vehicle after they purchased it. The Owner's Manual they received was for the prior year's model (2004). Some weeks after purchase, they received the 2005 Owner's Manual. Nonetheless, at the time of purchase, the Plaintiffs signed a form entitled "Acknowledgement of Receipt of Motorized Warranty/Product Information." That form stated that "I received and read a copy of the Monaco Coach Corporation limited warranty before I purchased this recreational vehicle. . . ."

The Complaint was filed on July 7, 2008, which was well over three years from the date of purchase. The 12 and 36 month warranty periods have expired, as have the statute of limitations to enforce those warranties. Therefore, according the bare face of the warranties, the only claims that may not be barred by the statute of limitations are any claims for breach of warranty related to the structure of the sidewalls, the roof, or the rear and front walls of the RV. However, the Plaintiffs argue that the limitations on the duration of the implied warranties are void because they do not conform to the requirements of the Magnuson-Moss Warranty Act. The Plaintiffs argue alternatively that the shortened statute of limitations contained in the written warranties are void because they were not part of the "original agreement" by the parties as required by Virginia law. Finally, they argue that even if the limitations on the implied warranties and the shortened statute of limitations are valid, the repair doctrine tolls the limitations period to file suit.

A.    MAGNUSON-MOSS WARRANTY ACT

The Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*, creates a cause of action for consumers damaged by "the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d). The MMWA requires written warranties to

"fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty." 15 U.S.C. § 2302(a). The MMWA and implementing regulations contain several categories of information that must be "clearly and conspicuously" disclosed in a written warranty, including limitations on implied warranties. 16 C.F.R. § 701.3. The MMWA further requires that any limitations on the duration of implied warranties be disclosed "on the face of the warranty." 16 C.F.R. § 701.3(a)(7). "On the face of the warranty" means the page on which the warranty text begins, even if the warranty text is included as part of a larger document. 16 C.F.R. § 701.1(i). The MMWA also provides that written warranties be made available to the consumer prior to the sale of the product, by displaying the warranty near the covered product or by placing signs notifying consumers of the warranty and furnishing the warranty upon request. 15 U.S.C. §2302(b)(1)(A); 16 C.F.R. § 702.3.

The Plaintiffs argue that the Defendant's attempts to limit any implied warranties are invalid because they do not comply with these requirements. If those limitations are void, then the implied warranties have not yet expired, and the limitations period, which is tied to the expiration of the warranty period itself, has not yet run. Therefore, the Plaintiffs argue, the default four year limitations period from the Uniform Commercial Code ("U.C.C.") would apply, and the Plaintiffs' Complaint would have been filed well within the limitations period to sue on a breach of implied warranty.

The Plaintiffs are correct that, in the both the 2004 and 2005 Owner's Manuals, the limitations appear at the top of the second page of the warranty for the coach and the walls and roof.[1] While the limitations are clearly worded and are conspicuous on the page,[2] their

---

[1] The limitations do appear on the first page of the warranty for the chassis.
[2] The limitations in the Owner's Manual are also in bold face, all-caps type. The limitations state clearly that "any implied warranties . . . are limited in duration to the term of this limited warranty and are limited in scope of coverage to those portions of the motorhome covered by this limited warranty."

placement is not "on the face of the warranty" as defined by the applicable regulations. Therefore, the limitations on implied warranties do not comply with the MMWA, and should not be enforced. Without any limitations on the duration of implied warranties, the statute of limitations period provided in the RV's written warranties has not yet expired.

Because the MMWA itself does not contain a statute of limitations, courts have consistently applied the default limitations period found in the Uniform Commercial Code. *E.g.*, *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004); *Hillery v. Georgie Boy Mfg., Inc.*, 341 F.Supp.2d 112, 114-15 (D. Ariz. 2004); *Lowe v. Volkswagen of Am., Inc.*, 879 F.Supp. 28, 30 (E.D. Pa. 1995). Virginia Code § 8.2-725 provides a default limitations period of four years after the breach occurs for claims of breach of warranty. Under Virginia law, a "breach of warranty occurs when tender of delivery is made." Va. Code Ann. § 8.2-725(2).[3] Applying the four year statute of limitations to this case, I find that the Plaintiffs' claims based on breach of implied warranties are not barred by the statute of limitations, and the Defendant's motion will be denied.

I will now address the remaining arguments raised by the parties to determine whether Plaintiffs' claims of breach of express warranties are barred by the statute of limitations.

B.   ORIGINAL AGREEMENT

As discussed above, Virginia Code § 8.2-725 provides a default limitations period of four years for claims of breach of warranty. However, that section also provides that the parties may, by the original agreement, reduce the period of limitations to not less than one year. Va. Code Ann. § 8.2-725(1). The term "agreement" is defined as, "the bargain of the parties in fact, as

---

[3] The written warranties include a provision that Indiana substantive law applies to any claim under the warranties. Such forum selection clauses are generally enforced by federal courts, *M /S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13 (1972), as well as in Virginia, *Paul Business Systems v. Canon U.S.A., Inc.*, 240 Va. 337, 397 S.E.2d 804 (1990), and neither party has attacked the validity of that provision. However, the parties have cited only to Virginia law in their memoranda, and agree that Virginia state law applies to this action.

found in their language or inferred from other circumstances, including course of performance, course of dealing, or usage of trade as provided in § 8.1A-303." Va. Code Ann. § 8.1A-201(b)(3).

The Plaintiffs also argue that the statute of limitations applicable to actions to enforce the express warranties is void, because they did not receive the written warranties at the time of purchase, and therefore there was no "original agreement" to shorten the limitations period. Defendants contend that the relevant agreement is not the agreement the Plaintiffs made with the seller at the time of purchase of the RV, but the agreement that the Plaintiffs made with Defendant (the warrantor) at the time they received the warranties. The Defendant also argues that the warranties were a "take it or leave it" agreement, and since the Plaintiffs accepted the RV along with the warranties, they effectively agreed to the reduced limitations period.

Other courts have held the same or similar provisions to be valid and enforceable under the corresponding laws of other states.[4] *See, e.g.*, *Pidcock v. Ewing*, 371 F.Supp.2d 870, 876 (E.D.Mich. 2005) (holding that identical warranty provision is valid and enforceable under the Michigan U.C.C.); *Kavanagh v. Keiper Recaro Seating, Inc.*, 2002 WL 32332371 (D.Del. 2002) (holding that a similar reduction in the limitations period was valid and not unconscionable); *McGrane v. Monaco Coach Corp.*, No. 05-3566 (E.D.Pa. Sept. 28, 2005)(unpublished decision) (holding that the written warranty received by the Plaintiff at the time of purchase "constitutes the 'original agreement' between Plaintiff and Monaco . . ."); *New Welton Homes v. Eckman*, 830 N.E.2d 32, 35 (Ind. 2005) (enforcing contractual provision shortening statute of limitations).

I agree with those courts, and find that the limitations period was validly reduced in the written warranties. Where the Plaintiffs have taken advantage of the beneficial portions of the warranty, receiving free repairs and service under it, they must also accept the less advantageous

---

[4] Neither the parties nor this Court were able to find any federal or state Virginia cases directly on point.

portions of the warranty, such as a reduced statute of limitations. In purchasing the RV and then receiving the benefits of the written warranties, the Plaintiffs have effectively agreed to the reduced limitations period, which renders it valid and enforceable under Virginia law. Therefore, Plaintiffs' claims under the 12-month and 36-month express warranties barred by the statute of limitations, unless the statute of limitations may be tolled.

## C. EQUITABLE ESTOPPEL

Finally, the Plaintiffs argue that even if the limitations of implied warranties and the statute of limitations period in the express warranties are valid, the statute of limitations should be tolled under a theory of equitable estoppel.[5] The Fourth Circuit has held that a defendant may be equitably estopped from arguing the statute of limitations,[6] when the defendant induced the plaintiff not to sue by promising to repair the product. *City of Bedford v. James Leffel & Co.*, 558 F.2d 216, 217 (4th Cir. 1977). In *Bedford*, the plaintiff had purchased machinery from the defendant which almost immediately was revealed to be defective. The defendant recommended and performed various repairs, which ultimately were unsuccessful. The Fourth Circuit held that because the defendant "coupled its remedial efforts with comments calculated to induce plaintiff to refrain from bringing suit," the doctrine of equitable estoppel should apply to toll the statute of limitations. *Id.* at 218. Such comments included requests for "forbearance" on the part of the plaintiff, and a comment that "legalities will not settle a matter like this. . . . Your threat of litigation is not good common sense, that will not cure anything." *Id.* at 219. The court noted

---

[5] The Plaintiffs refer to something called the "repair doctrine," which courts have recognized is simply an application of the principles of equitable estoppel. *See, e.g., Amodeo v. Ryan Homes, Inc.*, 595 A.2d 1232 (Pa.Super. 1991) ("Since the repair doctrine would seem nothing more than a form of estoppel, we cannot say with any degree of certainty that it would be rejected by the Supreme Court or this court. Indeed, other jurisdictions which have adopted the repair doctrine have noted that the doctrine is nothing more than a particularized form of the more general doctrine of estoppel.").

[6] In Virginia, equitable estoppel does not require a showing of fraud. Absent fraud or deceit, the requirements are: (1) a representation; (2) reliance on the representation; (3) a change of position; (4) to the plaintiff's detriment. *T... v. T...*, 216 Va. 867, 224 S.E.2d 148, 152 (1976), *citing United States v. Fidelity and Casualty Co. of New York*, 402 F.2d 893, 898 (4th Cir. 1986).

that "Clearly, the implication of these various statements was that defendant would eventually locate and eliminate the source of the problems with the turbines. Consequently, defendant cannot complain if plaintiff, relying on such statements, delayed the commencement of litigation for a reasonable time to allow it to do so." *Id.*

David Merricks testified that on more than one occasion, he threatened the Defendant with litigation over the RV. He stated that in response to those threats, the Defendant "would all of a sudden become very – they'd get along with you a little better." Some Virginia courts have held that general statements that the defendants were attempting to resolve the problem are not sufficient to estop the defendants from pleading the statute of limitations. *See Luddeke v. Amana Refrigeration*, 239 Va. 203, 208, 387 S.E.2d 502 (1990) (affirming a circuit court's denial of an equitable estoppel claim where the only evidence before the trial court tending to show that the respondents had lulled the complainants into inaction was plaintiff's testimony that defendant's agent led plaintiff to believe that defendant was "working on taking care of the problem" and that "very likely ... they would replace the system."); *Westminster Invest Corp. v. Lamps Unltd.*, 237 Va. 543, 379 S.E.2d 316 (1989) (evidence that landlord gave "continued assurances that it would take appropriate measures" to correct continuing breaches of lease was insufficient to estop landlord from pleading statute of limitations). *See also Roy Stone Transfer Corp. v. Budd Co.*, 796 F.2d 720, 721-22 (4th Cir. 1986) (affirming district court decision not to equitably estop defendant from asserting statute of limitations, because plaintiff could not show that it acted to its detriment upon general statements by defendant, and holding that defendant's "attempted repairs, standing alone, are not enough to prevent it from raising the statute of limitations as a defense to this action.").

In this case, there is only general evidence about the content of the communications

between Plaintiffs and Defendant over the on-going repairs to the RV, and it is not sufficient to satisfy the elements of equitable tolling. Accordingly, I cannot conclude that equitable estoppel applies in this case.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's motion will be denied as to the Plaintiffs' claims of breach of implied warranty, but granted as to Plaintiffs' claims of breach of express warranties. An appropriate Order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTERED: This 15th Day of December, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE